# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DAVID FLAMBURES,<br>*Plaintiff*<br><br>v.<br><br>KEVIN DANIEL MCCLAIN and<br>TRANSPORT CORPORATION OF<br>AMERICA, INC.,<br>*Defendants* | §<br>§<br>§<br>§<br>§   Case No. 1:20-cv-00304-DAE<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE DAVID A. EZRA
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment on Plaintiff's Claim of Negligence, filed February 25, 2021 (Dkt. 26), and the associated response and reply briefs.[1] The District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 31.

## I. Background

On January 4, 2019, Plaintiff David Flambures was driving on Interstate Highway 35 in Hays County, Texas, when he looked down at his cell phone and then rear-ended a tractor-trailer owned by Transport Corporation of America, Inc. ("Transport America") and driven by Kevin McClain

---

[1] Plaintiff filed his response after the deadline. Local Rule CV-7(e)(2). Because the Motion is dispositive, the Court has considered Plaintiff's late-filed response and evidence. *See Johnson v. Pettiford*, 442 F.3d 917, 918-19 (5th Cir. 2006) (stating that failure to timely respond to dispositive motion should not result in automatic grant absent clear record of delay or contumacious conduct).

1

(collectively, "Defendants"). Dkt. 1-3 ¶¶ 6, 9; Dkt. 28 at 2. Plaintiff alleges that McClain made an unsafe lane change that caused the collision. *Id.* ¶ 9.

Plaintiff filed suit in state court, asserting a claim for negligence against McClain and respondeat superior liability against Transport America. *Id.* ¶¶ 10-14. *Flambures v. McClain*, No. 20-0212 (207th Dist. Ct., Hays County, Tex. Jan. 28, 2020). On March 20, 2020, Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 and filed an Answer denying all liability and claiming that the accident was the result of Plaintiff's negligence. Dkts. 1, 1-3, 5. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56, arguing that they are entitled to judgment on Plaintiff's negligence claim.

## II.     Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent

summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Griggs v. Brewer*, 841 F.3d 308, 316 (5th Cir. 2016) (affirming district court grant of summary judgment where record included video evidence showing that pertinent facts were undisputed); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (stating that a court need not rely on plaintiff's description of the facts "where the record discredits that description but should instead consider 'the facts in the light depicted by the videotape'" (quoting *Scott*, 550 U.S. at 381)).

### III.   Summary Judgment Record

Defendants submitted as summary judgment evidence transcripts of the depositions of Plaintiff (Exh. B, Dkt. 26-2) and independent witness David Jerez (Exh. A, Dkt. 26-1), as well as video footage from the dashboard camera on McClain's vehicle (Exh. D, Dkt. 26-4). Plaintiff submitted the transcript of McClain's deposition (Exh. A, Dkt. 28-1) and the Texas Peace Officer's Crash Report, dated January 4, 2019 (Exh. B, Dkt. 28-2).

### IV.   Analysis

The elements of a negligence cause of action under Texas law are "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Tex. Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). To show breach of duty, a plaintiff must present evidence that the defendant failed to do as an ordinarily prudent person would have done under the same or similar circumstances. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984) (citing *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 251 (Tex. 1943)).

**A. Negligence**

Defendants contend that they are entitled to summary judgment because there is no evidence that McClain breached his duty of care. Plaintiff responds that summary judgment is precluded by factual disputes as to whether McClain breached his duty by (1) making an unsafe lane change, and (2) driving below the posted speed limit without warning lights.

**1. Lane Change**

First, Plaintiff alleges that McClain breached his duty of care by making an unsafe lane change before the crash. Dkt. 1-3 ¶ 9; Dkt. 28 at 4. Plaintiff testified that the accident occurred as he "looked down for a split second." Dkt. 26-2 at 12, Flambures Tr. at 35:21-36:2. Plaintiff further testified that he was in the right lane when he first saw the tractor-trailer driven by McClain in the left lane, two car lengths in front of him. *Id.* at 36:3-37:22.

> They started to slow down. I didn't pay any attention. I figured, you know, keep going. Next thing I know, I looked down for a split second. That was it. I felt a crunch. I heard something pop on my head, and that was the last thing I remember.
>
> . . .
>
> Q. Okay. Did you ever see that tractor-trailer change lanes into the right lane?

4

>A. No.
>
>Q. And is it your belief that that tractor-trailer changed lanes when you looked down for that split second?
>
>A. Correct.

Dkt. 26-2 at 12-13, Flambures Tr. at 37:24-38:19. When asked what he was looking at just before the accident, Plaintiff testified: "I think it was my personal cell phone went off like a text, and I looked down because it buzzed and fell on the floor, if I remember correctly. I – I can't recall exactly what I was looking at." *Id.* at 19, Flambures Tr. at 64:3-11.

The footage from McClain's dashboard camera shows McClain driving in the right lane for a full eight seconds before the crash. Dkt. 26-4. Defendants also point to testimony from independent witness David Jerez that McClain was in the right lane for "a minute or two" before the collision and that he did not observe McClain change lanes before the accident. Dkt. 26-1 at 18-19, Jerez Tr. at 16:8-25, 17:1-4.

Plaintiff responds that his and Jerez's testimony "present an actual factual dispute about how long Plaintiff looked down and how long Defendant McClain was in his lane." Dkt. 28 at 4. In other words, Plaintiff suggests that summary judgment as to Defendants' negligence is precluded by a factual dispute whether Plaintiff looked down at his cell phone for more than eight seconds while driving 70 miles an hour on IH-35 before he ran into McClain. *See id.* ("Defendants argue that this split second allegedly lasted only eight seconds and the correlating dash camera footage shows that Defendant McClain did not switch lanes during that small eight second period.").

Considering the summary judgment record as a whole, including the dash-camera footage, Jerez's testimony, and Plaintiff's admission that he did not observe McClain change lanes, there is no evidence that McClain "made an unsafe lane change causing Plaintiff to violently rear-end[ ]

5

Defendant." Dkt. 1-3 ¶ 9. There is no genuine issue of material fact that McClain did not breach his duty of care by making an unsafe lane change that caused the collision.

### 2. Speed

Plaintiff also argues that McClain breached his duty of care by driving below the speed limit in a hazardous manner. Dkt. 28 at 5. Defendants reply that the dash-camera footage shows McClain driving with the flow of traffic, as an ordinarily prudent person would, and that there is no record evidence that McClain breached his duty by driving at a reduced speed. Dkt. 30 at 2-3.

McClain testified that he was driving around 30 to 40 miles per hour at the time of the accident, below the posted speed limit of 70 miles per hour, because he was preparing to enter the line for an open weigh station. Dkt. 28-1 at 15-16, McClain Tr. at 14:23-25, 15:1-5. Jerez also testified that traffic in the right lane was traveling more slowly near the weigh station entrance. Dkt. 26-1 at 10-11, 17, Jerez Tr. at 8:14-9:6, 15:3-7. The dash-camera footage shows McClain driving at a speed consistent with the flow of traffic in the right lane. Dkt. 26-4. Similarly, the crash report states: "Unit 2 [McClain] was slowing in the right lane of SB IH-35 to enter a commercial motor vehicle inspection station. Unit 1 [Plaintiff] changed lanes from the center lane to the right around the witness [Jerez] and failed to control speed, striking the rear of Unit 2's trailer." Dkt. 28-2 at 3.

Plaintiff did not testify that McClain's reduced speed was a factor in the crash. There is no evidence that McClain breached his duty of care by driving below the speed limit.

### 3. Conclusion as to Negligence

Plaintiff has not met his burden to identify specific evidence in the record showing a genuine issue of material fact as to either of his breach-of-duty theories. Accordingly, Defendants are entitled to summary judgment on Plaintiff's negligence claim against McClain.

6

### B. Respondeat Superior

Defendants argue that Plaintiff's assertion of vicarious liability against Transport America fails as a matter of law because its employee, McClain, was not negligent. Dkt. 26 at 8. Plaintiff did not address this argument in his response.

Under the theory of respondeat superior, an employer is vicariously liability for the negligent acts of its employee if the employee's actions are within the course and scope of his employment. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Doctrines of vicarious liability do not apply where the alleged tortfeasor is not liable as a matter of law. *See Crooks v. Moses*, 138 S.W.3d 629, 638 (Tex. App.—Dallas 2004, pet. denied) (stating that the vicarious liability determination is never reached if the alleged tortfeasor is not liable as a matter of law); *see also Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990) (stating that respondeat superior is not an independent cause of action). Because Plaintiff's negligence claim against McClain fails for lack of evidence, Plaintiff cannot hold Transport America vicariously liable under a theory of respondeat superior.

## V.   Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Summary Judgment on Plaintiff's Claim of Negligence (Dkt. 26) and enter judgment for Defendants.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David A. Ezra.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 15, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE